**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

DANIEL ANAS PACHECO,

     Petitioner,

vs.                                 CASE NO.:   2:24-cv-02638-TLP

C. LUGARDA GUZMAN MARTINEZ,

     Respondent.

**RESPONDENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION**
**FOR ATTORNEY FEES, SUIT EXPENSES, AND COSTS (R. 69)**

COMES NOW Respondent, C. Lugarda Guzman Martinez, by and through court-appointed counsel, and hereby submits this Response in Opposition to Petitioner's Motion for Attorney Fees, Suit Expenses and Costs (R. 69) and would show unto this Honorable Court as follows:

This Court has an obligation to determine whether the requested fees and costs were "necessary" to secure the child's return. *Aldinger v. Segler,* 157 Fed. Appx. 317, 318 (1st Cir. 2005). The party seeking an award of attorney's fees must submit adequate evidence detailing the hours worked and the rates claimed. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Where the attorney's documentation is inadequate, or the claimed hours are duplicative or excessive, the court may reduce the award accordingly. *Wasniewski v. Grzelak-Johannsen,* 549 F. Supp. 2d 965, 972 (N.D. Ohio 2008). "The goal is not to overcompensate counsel with a 'liberal' fee, but to award the 'reasonable' fee necessary to encourage competent lawyers to undertake the representation." *Id.*

"A reasonable fee is one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Dowling v. Litton Loan Serv., LP*, 320 Fed. Appx. 442, 446 (6th Cir. 2009) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)).

The fees requested by Petitioner's counsel appear to be excessive because they seek to recover their normal hourly rate and because they appear to have billed their time using a 15 minimum billable increment as their minimum billable event. Petitioner's counsel have advised this Court that they accepted this case *pro bono*. Every time petitioner's counsel worked on this file, it appears that the attorney billed for at least 15 minutes even if they only spent 7 or 8 minutes working on the file. To put that in perspective, many of the cases that this Court hears are criminal cases in which Criminal Justice Act ("CJA") attorneys represent indigent defendants. A CJA attorney is a pro bono attorney because they agree to represent indigent defendants at an hourly rate substantially below that which they would receive from their privately-retained clients. CJA attorneys are required to bill their time in tenths of an hour (six minute increments) as opposed to the fifteen-minute increments that appears to have been used by Petitioner's counsel in this case. Using a 15-minute minimum billable increment may be perfectly acceptable in private litigation, but Petitioner's counsel has explained on multiple occasions that this is a case they took *pro bono*. Because Petitioner's counsel used their standard 15 minute billable increment, this Court does not have an accurate representation of how much time the attorney's actually spent working on the case because their time sheets are full of activities that could have been accomplished in 6 minutes, but were billed for a minimum of 15 minutes. Although perfectly acceptable in a private case, this does not seem appropriate in a *pro bono* case. This Court should not give Petitioner's counsel a windfall of letting them bill a minimum of fifteen minutes every time they worked on this file

when they could have easily tracked their time in 6-minute increments like other pro bono counsel (i.e., CJA counsel) in this district are required to do.

Moreover, *pro bono* attorneys either work for free or for a discounted hourly rate.[1] The current CJA hourly rate is $175 an hour.  Yet Petitioner's counsel are seeking to be paid at their normal hourly rate for private clients, which ranges from $250 an hour to $370 an hour. Instead of being allowed to recover their normal hourly rate, this Court should only allow them to recover legal fees for a reasonable pro bono rate such as the $175 an hour that CJA counsel receives.  And this award should only be for necessary legal fees for time actually worked on the case, not for time that was billed under minimum increments of 15 minutes.  For example, by using a minimum increment of 15 minutes, for work that only took counsel 17 minutes to perform, Petitioner's counsel would have billed for 30 minutes instead of the 18 minutes that was actually spent working on the case.  This does not seem appropriate in a pro bono case.

Furthermore, this Court should not award any fees and costs Petitioner and/or his mother incurred in visiting the children while they were in the United States as they were not necessary to enable Petitioner to obtain the return of the children. *Aldinger*, 157 Fed. Appx. at 318 (explaining that it was not error for the district court to fail to award fees and costs the petitioner and his parents incurred in visiting the children while they were wrongfully retained in the United States and transporting the children back to Germany as the visits were not necessary to enable the father to obtain the return of the children).  Petitioner's affidavit has a $3,402 charge "to be with the children", *see* Father's Travel Expenses (R. 68-1) at line item 13, a $1,465.87 charge for a rental car from December 7, 2024 until December 30, 2024 (line item 28), a $489.41 rental car charge

---

[1]     Undersigned counsel as appointed pro bono by this Court. As such, under the Pro Bono plan of this Court, undersigned counsel will not be paid for any of the legal fees that he has rendered in this case.

3

from December 30, 2024 until January 7, 2025 (line item 29), a $575.99 rental car charge from January 7, 2025 until January 14, 2025 (line item 30), and a $755.84 rental car charge from January 14, 2025 until January 21, 2025 (line item 31). He also requests gas charges in the amount of $261.35 (line item 43). He also requests $4,361.60 for lodging in Memphis (line items 53 to 63). Most of theses expenses were related to Petitioner visiting the children and were not necessary expenses for the return of the children.

The International Child Abduction Remedies Act ("ICARA") gives the courts the discretion to reduce or even eliminate a respondent's obligation to pay a prevailing petitioner's attorney's fees and costs where such an award would be clearly inappropriate. *Pilego v. Hayes*, No. 5:14-cv-00169, 2015 U.S. Dist. LEXIS 53741, at *4. It is "clearly inappropriate" to enter a judgment against the Respondent for the full amount requested where the Respondent is incapable of paying the amount of fees requested. *Id.* (reducing the amount of requested legal fees by 50% because the Court found that the Respondent was incapable of paying the amount of fees requested and that it would be 'clearly inappropriate' to enter a judgment against her for the full sum). Petitioner has request $94,924.72 in legal fees, expenses, and costs. Respondent is not capable of paying $94,924.72. She entered the United States illegally and was placed in removal proceedings. She does not have work authorization, so she is not allowed to work in the United States. As such, it would be clearly inappropriate to enter a judgment against her for the full amount requested because she would have to violate the law in order to work to pay for that judgment.

**WHEREFORE, PREMISES CONSIDERED,** Respondent, by and through court-appointed counsel, respectfully asks this Court to deny Petitioner's motion or, in the alternative, to reduce it to a reasonable amount for services and expenses that were actually necessary to obtain the return of the children.

Respectfully submitted,

**McWHIRTER LAW FIRM, PLLC**
80 Monroe Ave., Ste. L7
Memphis, TN 38103
Office Phone (901) 522-9055
E-mail: barry@mcwfirm.com

By: _/s/ **Barry J. McWhirter**_____
      BARRY J. McWHIRTER, #021601

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2025, a copy of the foregoing electronically

filed instrument was served on the parties listed below by first-class mail, postage prepaid, unless

said party is a registered CM/ECF participant who has consented to electronic notice and the

Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

Ms. Lucie K. Brackin
Ms. S. Suzanne Brown
5050 Poplar Ave., Suite 1616
Memphis, TN 38157

                    s/ **Barry J. McWhirter**
                    BARRY J. McWHIRTER